NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARACELY HERNANDEZ, | No. 19-35505 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01654-MK |
| v. | MEMORANDUM* |
| S. BERNSTEIN, 48452; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Oregon state prisoner Aracely Hernandez appeals pro se from the district

court's summary judgment in her 42 U.S.C. § 1983 action alleging various

constitutional violations arising out of an incident during her pretrial detention in

which she alleges she was forced to exit the jail's shower partially clothed and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exposed to other guards and inmates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *S.R. Nehad v. Browder*, 929 F.3d 1125, 1132 (9th Cir. 2019). We affirm.

The district court properly granted summary judgment because Hernandez failed to raise a genuine dispute of material fact as to whether defendants committed any constitutional violation. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." (citations and internal quotation marks omitted)); *Vazquez v. County of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020) (requirements of Fourteenth Amendment right to bodily integrity claim); *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) (requirements of pretrial detainee's Fourteenth Amendment right to bodily privacy claim); *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc) (requirements of Fourth Amendment privacy claim).

The district court did not abuse its discretion by denying Hernandez's request to continue summary judgment in order to conduct additional discovery because Hernandez failed to demonstrate how additional discovery would have precluded summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home*

*Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (setting forth standard of review and explaining that the burden is on the party seeking a continuance to conduct additional discovery to proffer sufficient facts to show that the evidence sought would preclude summary judgment).

The district court did not abuse its discretion in denying Hernandez's motion for appointment of counsel because Hernandez failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

The district court did not abuse its discretion by granting defendants' motion for a retroactive extension to submit a declaration in support of their summary judgment motion. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258, 1261 (9th Cir. 2010) (setting forth standard of review and test to determine whether a party's failure to meet a deadline constitutes excusable neglect).

We reject as unsupported by the record Hernandez's contentions that defendants engaged in misconduct regarding discovery and that the district court failed to issue a new scheduling order for defendants' motion for summary judgment.

**AFFIRMED.**

19-35505